**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
                                      )
    v.                                 )
                                      )   I.D. No. 2106015672
                                      )
THOMAS ROTHWELL, )
                                      )
          Defendant.        )

## ORDER

Submitted: April 6, 2023
Decided: May 9, 2023

**AND NOW TO WIT,** this 9th day of May 2023, upon consideration of Thomas Rothwell ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On November 14, 2022, Defendant pled guilty to Stalking, Act of Intimidation, and Non-Compliance with Bond Conditions.[1] On December 9, 2022, Defendant was sentenced to: (1) for the Stalking charge, 3 years at Level V, suspended after 18 months, followed by transitioning levels of probation, including 18 months at Level III with GPS monitoring; (2) for the Act of Intimidation charge, 8 years at Level V, suspended for 18 months at Level 3 GPS

---

[1] D.I. 17.

monitoring; and (3) for Non-Compliance with Bond Conditions, 5 years at Level V, suspended for 18 months at Level III GPS Monitoring.[2] Probationary terms are concurrent.

2. In February 2023, Defendant reportedly contacted his victim in violation of a no-contact order related to the Stalking charge. On March 9, 2023, Defendant was found in violation of his probation.[3] This Court sentenced Defendant to 3 years at Level V, suspended for 6 months at Level IV Work Release, followed by transitioning levels of probation.[4]

3. On March 29, 2023, Defendant filed this Rule 35 Motion asking the Court to essentially undo the VOP Sentence, and modify his Level IV Work Release to Level III probation and lift the no-contact order.[5] In support, Defendant states that he seeks a stable residence and employment, and he wants to be part of his child's life and take care of his family.[6]

4. Although Rule 35 permits the Court to consider a modification of his Level IV sentence,[7] Defendant's request is unreasonable. Defendant violated his

---

[2] D.I. 17.

[3] D.I. 26.

[4] D.I. 27; D.I. 29 (modifying the March 9, 2023 Sentencing Order on March 30, 2023).

[5] D.I. 28. Prior to filing this Motion, Defendant filed a letter in December 2022 and a motion in January 2023, wherein he asked the Court to correct an illegal sentence, which this Court denied for lack of merit. *See* D.I. 19; D.I. 21; D.I. 34.

[6] D.I. 28.

[7] Del. Super. Crim. R. 35(b) (providing that the Court may reduce the "term or conditions of partial confinement or probation, at any time").

sentence by violating the no-contact provision. To ask this Court to lift the provision is nonsensical. The Court then determined that a Level IV sentence was appropriate for the violation, noting that Level III community supervision was insufficient. The Court has already determined that Defendant's sentence was appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED**, that the Defendant's Motion for Modification of Sentence is **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Department of Justice
       Investigative Services